Paul A. Stewart (SBN 153,467)
paul.stewart@knobbe.com
Ali S. Razai (SBN 246,922)
ali.razai@knobbe.com
Nicole R. Townes (SBN 272,342)
nicole.townes@knobbe.com
Brandon G. Smith (SBN 307,676)
brandon.smith@knobbe.com
KNOBBE, MARTENS, OLSON & BEAR, LLP
2040 Main Street, Fourteenth Floor
Irvine, CA  92614
Telephone:  (949) 760-0404
Facsimile:  (949) 760-9502

Attorneys for Plaintiff
**simplehuman, LLC**

# IN THE UNITED STATES DISTRICT COURT

## FOR THE NORTHERN DISTRICT OF CALIFORNIA

### OAKLAND DIVISION

| | |
|---|---|
| SIMPLEHUMAN, LLC, a California limited liability company, | Case No. 20-cv-754 |
| Plaintiff, | **COMPLAINT** |
| v. | **DEMAND FOR JURY TRIAL** |
| MICHAEL SHEK D/B/A HLS COMMERCIAL, an individual, | |
| Defendant. | |

Plaintiff simplehuman, LLC ("simplehuman") hereby complains of Defendant Michael Shek d/b/a HLS Commercial ("Defendant") and alleges as follows:

## I. **JURISDICTION AND VENUE**

1.     This Court has original subject matter jurisdiction over the claims in this action that relate to patent infringement, trademark infringement, trade dress infringement, false designation of origin, federal unfair competition, and cancellation of a federal trademark registration pursuant to 15 U.S.C. §§ 1114, 1116, 1121, 1125, 35 U.S.C. § 100 *et seq*. and also pursuant to 28 U.S.C. §§ 1331 and 1338 as these claims arise under the laws of the United States.  The Court has supplemental jurisdiction over the claims in this Complaint that arise under state statutory and common law pursuant to 28 U.S.C. § 1367(a) because those claims are so related to simplehuman's federal claims within the Court's original jurisdiction that they form part of the same case or controversy and derive from a common nucleus of operative facts..

2.     This Court has personal jurisdiction over Defendant because Defendant has a continuous, systematic, and substantial presence within this judicial district and within California.  For example, Defendant resides in this district and has a principal place of business in this judicial district at 777 Mariners Island Boulevard, Suite 125, San Mateo, California 94404.  simplehuman is informed and believes and, based thereon, alleges that Defendant also sells and/or offers for sale infringing products in this district and/or sells them into the stream of commerce knowing such products would be sold in California and this district, and these acts form a substantial part of the events or omissions giving rise to simplehuman's claims.

3.     Venue is proper in this judicial district under 28 U.S.C. §§ 1391(b) and (d) and 1400(b) because Defendant resides in this judicial district and because Defendant has committed acts of infringement by selling and/or offering to sell infringing products in this judicial district and has a regular and established place of

business in this judicial district.

## II.  **THE PARTIES**

4.     Plaintiff simplehuman is a California limited liability company having its principal place of business at 19850 Magellan Drive, Torrance, California 90502.

5.     simplehuman is informed and believes, and based thereon alleges, that Defendant Michael Shek is an individual residing in this district and doing business as HLS Commercial.

## III.  **INTRADISTRICT ASSIGNMENT**

6.     This action is an intellectual property action subject to district-wide assignment pursuant to Local Civil Rules 3-2(c) and 3-5(b).

## IV.  **GENERAL ALLEGATIONS**

7.     simplehuman was founded in 2000 with the goal of designing a unique trash can.  Since then, simplehuman has been engaged in the manufacture and sale of highly stylistic and distinctive trash cans and has expanded its product line to pioneer a variety of innovations in other kitchen and bath tools.  Through its tireless efforts, simplehuman has become a leader in the design and production of a variety of consumer home goods, including trash cans, mirrors, sensor pumps, dishracks, sink caddies, and more.

8.     simplehuman is informed and believes and, based thereon, alleges that Defendant Shek is the sole and driving force behind the sales of all products under the HLS Commercial mark, including all decisions regarding the advertisement, promotion, manufacture, design, development, sale, offer for sale, and/or importation into the United States of all products under the HLS Commercial mark.

9.     Defendant Shek, in his individual capacity, is the registered owner of U.S. Trademark Registration No. 5,264,873 for the mark HLS Commercial for use in connection with: Trash cans; Garbage cans; Soap dispensers; Paper towel dispensers for household use; Napkin dispensers for household use; Toilet tissue holders.  A true and correct copy of U.S. Trademark Registration No. 5,264,873 is

attached as **Exhibit 1**.

10.     Defendant Shek doing business as HLS Commercial is advertising, promoting, manufacturing, designing, developing, selling, offering for sale, and/or importing into the United States products that copy the designs of simplehuman's products.  A true and correct copy of the HLS Commercial 2020 Product Catalog is attached as **Exhibit 2** ("the 2020 Product Catalog"). In at least one of his social media posts, Defendant refers to HLS Commercial products as "his own products."

11.     Since at least as early as 2001, simplehuman has manufactured and sold its iconic Bullet trash can.  The Bullet trash can bears a distinctive, nonfunctional trade dress in the overall design of the product ("Bullet Trade Dress"), which includes: a cylindrical metal body that has a metallic color; a top ring that is concentric with the body and contrasts against the metallic color of the body; a metal top cap that is shaped like a truncated dome to create an opening with a diameter smaller than the diameter of the metallic body and contrasts against the color of the top ring; the metal of the top cap curves into the opening to create a semi-toroidal rim as the circumference of the opening. The following is an image of an exemplary product bearing the distinctive Bullet Trade Dress that has been annotated with short hand descriptions of the features described above.  The use of short hand names for certain features is solely for ease of reference in the following image and is not intended to modify or eliminate any element of the simplehuman's Bullet Trade Dress described herein.



1
2
3
4
5
6
7
8
9
10
11
12

13    12.    The simplehuman's products bearing the Bullet Trade Dress have
14  achieved remarkable success in the marketplace.

15    13.    As a result of simplehuman's widespread use and display of the Bullet
16  Trade Dress, (a) the public has come to recognize and identify products bearing the
17  Bullet Trade Dress as emanating from simplehuman, (b) the public recognizes that
18  products bearing the Bullet Trade Dress constitute high quality products that
19  conform to the specifications created by simplehuman, and (c) the Bullet Trade
20  Dress has established strong secondary meaning and extensive goodwill.

21    14.    The Bullet Trade Dress is non-functional.   The design features
22  embodied by the Bullet Trade Dress are not essential to the function of the product,
23  do not make the product cheaper or easier to manufacture, and do not affect the
24  quality of the product.  The design elements of the Bullet Trade Dress are not a
25  competitive necessity for trash can products.

26    15.    Without permission or consent from simplehuman, Defendant is using
27  simplehuman's Bullet Trade Dress.  Defendant manufactures, imports, offers for
28  sale, and/or sells products under the mark HLS Commercial that use trade dress that

is confusingly similar to the Bullet Trade Dress, for example the Round Open-Top Trash Can (HLS13STR/HLS16STR) shown below.



16.     Defendant has copied simplehuman's Bullet Trade Dress in an attempt to benefit from the immense goodwill simplehuman has created in the marketplace.

17.     simplehuman is informed and believes, and based thereon alleges that Defendant intended to blatantly copy simplehuman's design and pass off his products as simplehuman's products to misappropriate the immense goodwill that simplehuman has spent enormous time, effort, and expense to cultivate in the marketplace.

18.     Defendant's use of the Bullet Trade Dress in commerce is likely to cause confusion, cause mistake, and deceive as to the affiliation, connection, or association of Defendant and his products with simplehuman, when there is none.

19.     Defendant's acts of trade dress infringement complained of herein have caused simplehuman to suffer irreparable injury to its business.  simplehuman will continue to suffer irreparable injury unless and until Defendant is enjoined from its willful actions complained of herein.

20.     simplehuman is informed and believes, and on that basis alleges, that Defendant's acts of trade dress infringement complained of herein are willful and

deliberate.

21.     simplehuman owns U.S. Trademark Registration No. 2,882,479 for the mark SIMPLEHUMAN® ("the SIMPLEHUMAN® Mark"). Attached hereto as **Exhibit 3** is a true and correct copy of the '479 Registration, which is incorporated by reference. Pursuant to 15 U.S.C. § 1065, the '479 Registration is incontestable.

22.     As a result of simplehuman's long, continuous, extensive and exclusive use of the simplehuman Mark, as well as its marketing, promotion, and sale of products under that mark, the relevant public has come to recognize the simplehuman Mark as identifying products that originate from or are otherwise associated exclusively with simplehuman.  simplehuman has spent enormous, time, effort, and expense to create valuable goodwill in the simplehuman Mark.

23.     Long after simplehuman started using the simplehuman Mark, Defendant Shek applied for and registered U.S. Trademark Registration No. 5,969,114 for the mark LIVESIMPLE ("the LIVESIMPLE Mark"). As part of the application for '114 Registration, Shek submitted a statement of use and specimen affirming that Defendant was in fact using the LIVESIMPLE Mark in commerce, and submitted the specimen below showing use of the LIVESIMPLE Mark in commerce in connection with trash cans:



CO                                                                                     -754

24.     Defendant is not affiliated with simplehuman.  simplehuman has never given Defendant license, permission or authority to use or display the simplehuman Mark or any similar mark.

25.     Defendant has attempted to capitalize on simplehuman's valuable reputation and customer goodwill in the simplehuman Mark by using the confusingly similar LIVESIMPLE mark in connection with the advertisement, marketing, promotion, sale, and/or offer for sale of identical goods, namely trash cans, with similar price points in overlapping retail and distribution channels in a manner that creates consumer confusion.

26.     On March 17, 2015, Defendant Shek filed U.S. Trademark Application Nos. 86566929 and 86566945 for the mark SUPERHUMAN. In a letter dated April 20, 2015, simplehuman complained about Defendant's registration of the SUPERHUMAN mark, which simplehuman asserted infringed its trademark rights in its SIMPLEHUMAN® Mark.  While the parties resolved this matter regarding Defendant's use and applications to register the SUPERHUMAN mark, Defendant has been aware of simplehuman, its trademarks and its products since at least as early as April 2015.

27.     Defendant was, thus, aware of the SIMPLEHUMAN® Mark when he started using the LIVESIMPLE mark.

28.     Without permission or consent from simplehuman, Defendant has infringed simplehuman's SIMPLEHUMAN® Mark in interstate commerce by advertising, marketing, promoting, selling, and/or offering to sell products under the LIVESIMPLE Mark.

29.     simplehuman is informed and believes, and based thereon alleges that Defendant's actions alleged herein are intended to cause confusion, mistake, or deception as to the source of Defendant's products and to cause consumers and potential customers to believe that Defendant's products are associated with, sponsored by, originate from, or are approved by, simplehuman, when they are not.

30.     simplehuman protects its substantial investment in innovation with its patents, including U.S. Design Patent Nos. D644,807 C1 ("the D807 Patent") and D729,485 S ("the D485 Patent") and U.S. Patent No. 6,626,316 (the '316 Patent").

31.     On September 6, 2011, the United States Patent & Trademark Office ("USPTO") duly and lawfully issued the D807 Patent, titled "Slim Open Trash Can."  The D807 Patent was the subject of a Supplemental Examination Request, which was filed on February 21, 2017.  On March 22, 2019, the USPTO duly and lawfully issued an Ex Parte Reexamination Certificate for the D807 Patent.  True and correct copies of the D807 Patent, including the Ex Parte Reexamination Certificate, are attached hereto as **Exhibit 4**.

32.     On May 12, 2015, the USPTO duly and lawfully issued the D485 Patent, titled "Dual Recycler."  A true and correct copy of the D485 Patent is attached hereto as **Exhibit 5**.

33.     On September 30, 2003, the USPTO duly and lawfully issued the '316 Patent, titled "Trash Can Assembly with Toe-Kick Recess."  A true and correct copy of the '316 Patent is attached hereto as **Exhibit 6**.

34.     Defendant makes, uses, sells, offers for sale, and/or imports into the United States, products that infringe each of the D807, D485, and '316 Patents.

35.     Infringement of a design patent is determined under the Ordinary Observer Test: "[I]f, in the eye of an ordinary observer, giving such attention as a purchaser usually gives, two designs are substantially the same, if the resemblance is such as to deceive such an observer, inducing him to purchase one supposing it to be the other, the first one patented is infringed by the other." *Egyptian Goddess, Inc. v. Swisa, Inc.*, 543 F.3d 665, 670 (Fed. Cir. 2008) (en banc) (quoting *Gorham Co. v. White*, 81 U.S. 511, 528 (1871)).  Application of the Ordinary Observer Test focuses on the overall appearance of the design, rather than particular elements, and often undertakes a side-by-side visual comparison.

36.     Defendant makes, uses, sells, offers for sale, and/or imports into the

United States products that infringe the D807 Patent, including, for example, the Oval Open Top trash can product (HLS13STV/HLS16STV) shown for example on Page 4 of the 2020 Product Catalog.

37.    Defendant markets and promotes its Oval Open Top trash can products as having an "oval open top," as for example shown on page 4 of the 2020 Product Catalog.

38.    Defendant makes, uses, sells, offers for sale, and/or imports into the United States products that infringe the D485 Patent, including, for example, the Open Top Recycle Bin/Trash Can (HLS05DRO) shown for example on Page 4 of the 2020 Product Catalog.

39.    The '316 Patent describes and claims an improved trash can assembly. For example, claim 1 of the '316 Patent is directed to a trash can assembly, comprising: a shell having a top end and a bottom end, the shell having a metal enclosing wall that defines a periphery, the enclosing wall having a recess at its bottom end; a curved recess panel, separate from the shell, that is fitted in the recess, the curved recess panel made of a non-metal material; a lid fitted over the top end; a foot pedal partially positioned in the recess panel, with a portion of the foot pedal positioned inside the periphery of the shell; and a link assembly coupling the foot pedal and the lid.

40.    Defendant makes, uses, sells, offers for sale, and/or imports into the United States products, including for example the Trash Can with AirStep Technology (HLS13SS/HLS18SS) shown on page 3 of the Product Catalog and Pedal-Sensor    Trash    Can    Black,    Red,    or    White    Trim (HLS13SB/HLS13SR/HLS13SW) shown on page 6 of the Product Catalog ("Accused Step Products"), that infringe at least one claim of the '316 Patent.

41.    For example, as annotated in the below-referenced photographs of an exemplary Accused Step Product, the product is a trash can assembly that has a shell having a top end and a bottom end, the shell having a metal enclosing wall that

defines a periphery.  The enclosing wall of the shell has a recess at its bottom end.
A plastic curved recess panel, which is separate from the shell, fits in the recess of
the enclosing wall.  The Accused Step Product also includes a lid that is fitted over
the top end of the shell.  The Accused Step Product includes a foot pedal partially
positioned in the recess panel, with a portion of the foot pedal positioned inside the
periphery of the shell.  The Accused Step Product also has a link assembly that
couples the foot pedal to the lid.





42.    simplehuman is informed and believes and, based thereon, alleges that
Defendant Shek is also the CEO of iTouchless Housewares and Products, Inc.
("iTouchless"). Defendant had actual notice of each of the D807, D485, and '316
Patents, for example, at least through the filing of the complaint in the action
captioned *simplehuman, LLC v. iTouchless Housewares and Products, Inc.* (C.A.
4:19-cv-02701-HSG) filed in this district on May 17, 2019 ("iTouchless N.D.

Action").

43.     Despite having actual notice of the patents, Defendant continues to make, use, sell, offer for sale, and/or import into the United States products that infringe each of the D807, D485, and '316 Patents including, for example, the infringing products identified above.

44.     By continuing to make, use, sell, offer for sale, and/or import into the United States products that infringe each of the D807, D485, and '316 Patents with actual notice of these patents, Defendant's actions constitute willful and intentional infringement.

45.     simplehuman has also filed an action captioned *simplehuman, LLC v. iTouchless Housewares and Products, Inc.* (C.A. 2:19-cv-02351-MWF-KS) in the United States District Court for the Central District of California against iTouchless for infringement of the Bullet Trade Dress and related causes of action ("iTouchless C.D. Action").

46.     Although iTouchless sells products under marks that are owned by iTouchless and sells products under the Halo™ mark on a website that is purportedly owned by iTouchless, the HLS Commercial Mark is owned by Michael Shek in his personal capacity. Further, there are no markings on the HLS Commercial website to indicate that it is affiliated with iTouchless. simplehuman is informed and believes and, based thereon, alleges that the products sold by HLS Commercial and iTouchless are separate products sold by separate entities. Accordingly, under 35 U.S.C. § 299, simplehuman cannot add Michael Shek to the iTouchless N.D. Action because simplehuman's right to relief is not asserted against both Michael Shek and iTouchless "jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences relating to the making, using, importing into the United States, offering for sale, or selling of the same accused product."

47.     Moreover, simplehuman could not have sought to add Michael Shek to

the iTouchless C.D. Action because this action does not arise out of the same nucleus of operative fact as the iTouchless C.D. Action and, under 35 U.S.C. § 1400(b), the Central District of California is not the proper venue for simplehuman's claims for patent infringement.

48.    Defendant Shek's actions of trademark infringement, trade dress infringement, design patent infringement, and attempts to register marks that are confusingly similar to simplehuman's registered trademarks display a concerted and consistent attempt to pass off his products as simplehuman's products and to misappropriate the immense goodwill that simplehuman has spent enormous time, effort, and expense to cultivate in the marketplace.

49.    Defendant's acts complained of herein have caused simplehuman to suffer irreparable injury to its business.   simplehuman will continue to suffer substantial loss and irreparable injury unless and until Defendant is enjoined from its wrongful actions complained of herein.

## V.  **FIRST CLAIM FOR RELIEF**

(Patent Infringement under 35 U.S.C. § 271)

50.    simplehuman repeats and re-alleges the allegations of paragraphs 1-49 of the Amended Complaint as if set forth fully herein.

51.    This is a claim for patent infringement under 35 U.S.C. § 271.

52.    Defendant, through his agents, employees, and/or servants has infringed, and continues to infringe, the D807 Patent by making, using, selling, offering for sale, and/or importing products, including for example the Oval Open Top products (HLS13STV/HLS16STV) ("Accused Oval Product") products shown for example on page 4 of the 2020 Product Catalog, that have a design that infringes the D807 Patent.    For example, the side-by-side visual comparison of simplehuman's patented design shown in the D807 Patent and one of Defendant's Accused Oval Products shown below establishes that in the eye of an ordinary observer, giving such attention as a purchaser usually gives, the design of

Defendant's Accused Oval Products is substantially the same as the claimed design of the D807 Patent, because the resemblance is such as to deceive such an observer inducing him to purchase one supposing it to be the other.  The D807 Patent states on its face that "[a]ll features illustrated in phantom line are expressly disclaimed and form no part of the claimed design."  As shown in the side-by-side visual comparison below, Defendant infringes the D807 Patent.

| *Accused Oval Top* | U.S. Design Patent No. D644,807 C1 |
|---|---|



53.    Defendant, through his agents, employees, and/or servants has infringed, and continues to infringe, the D485 Patent by making, using, selling, offering for sale, and/or importing products, including for example the Open Top Recycle Bin/Trash Can (HLS05DRO) series of products shown for example on page 5 of the 2020 Product Catalog, that have a design that infringes the D485 Patent. For example, the side-by-side visual comparison of simplehuman's patented design shown in the D485 Patent and one of Defendant's Open Top Recycle Bin/Trash Can products shown below establishes that in the eye of an ordinary observer, giving

such attention as a purchaser usually gives, the design of Defendant's Open Top Recycle Bin/Trash Can is substantially the same as the claimed design of the D485 Patent, because the resemblance is such as to deceive such an observer inducing him to purchase one supposing it to be the other.  As a result, Defendant infringes the D485 Patent.

| *Open Top Recycle Bin/Trash Can* | U.S. Design Patent No. D729,485 S |
|---|---|
|  | FIG. 1 |

54.    Defendant, through his agents, employees, and/or servants has infringed, and continues to infringe, the '316 Patent, either literally or under the doctrine of equivalents, through, for example, the manufacture, use, sale, offer for sale, and/or importation into the United States of the Accused AirStep Product.

55.    For example, the Accused Step Products each infringe at least Claim 1 of the '316 Patent because each of the Accused Step Products is a trash can assembly that has a shell having a top end and a bottom end, the shell having a metal enclosing wall that defines a periphery.  The enclosing wall of the shell has a recess at its bottom end.  Each of the Accused Step Products includes a non-metallic, plastic

curved recess panel, which is separate from the shell.  The recess panel fits in the recess of the enclosing wall.  Each of the Accused Step Products also includes a lid that fits over the top end of the shell.  Each of the Accused Step Products includes a foot pedal that is at least partially positioned inside the recess panel, with a portion of the foot pedal positioned inside the periphery of the shell.  Each of the Accused Step Products also has a link assembly that couples the foot pedal to the lid.

56.    As a direct and proximate result of Defendant's acts of infringement, Defendant has derived and received gains, profits, and advantages in an amount that is not presently known to simplehuman.

57.    Pursuant to 35 U.S.C. § 284, simplehuman is entitled to damages for Defendant's infringing acts and treble damages together with interests and costs as fixed by this Court.

58.    Pursuant to 35 U.S.C. § 289, simplehuman is entitled, at its election, to Defendant's total profits from the infringement of simplehuman's design patents.

59.    Pursuant to 35 U.S.C. § 285, simplehuman is entitled to reasonable attorneys' fees for the necessity of bringing this claim.

60.    Due to the aforesaid infringing acts, simplehuman has suffered great and irreparable injury, for which simplehuman has no adequate remedy at law.

61.    Defendant will continue to willfully infringe and induce infringement of simplehuman's patent rights to the great and irreparable injury of simplehuman, unless enjoined by this Court.

## VI.  SECOND CLAIM FOR RELIEF

### (Federal Trade Dress Infringement)

### (15 U.S.C. § 1125(a))

62.    simplehuman repeats and re-alleges the allegations of paragraphs 1-49 of this Complaint as if set forth fully herein.

63.    This is a claim for trade dress infringement under 15 U.S.C. § 1125(a).

64.    As a result of the widespread use and promotion of simplehuman's

Bullet Trade Dress, the Bullet Trade Dress has acquired secondary meaning to consumers and potential consumers, in that consumers and potential consumers have come to associate the Bullet Trade Dress with simplehuman.

65.   Subsequent to simplehuman's use and adoption of the Bullet Trade Dress, and the development of secondary meaning in that trade dress, Defendant has developed, manufactured, imported, promoted, offered for sale, and/or sold products that use trade dress that is confusingly similar to the Bullet Trade Dress.  An example of Defendant's infringing use of the Bullet Trade Dress, as found on pages 3-4 of the 2020 Product Catalog, is shown below.

| Round Open Top Trash Can | simplehuman's Bullet Trash Can |
|---|---|
|  |  |

66.   simplehuman is informed and believes, and based thereon alleges, that Defendant had actual knowledge of simplehuman's ownership and prior use of the Bullet Trade Dress.

67.   simplehuman is informed and believes, and based thereon alleges, that Defendant infringed simplehuman's Bullet Trade Dress rights with the intent to unfairly compete with simplehuman, to trade upon simplehuman's reputation and goodwill by causing confusion and mistake among customers and the public, and to deceive the public into believing that Defendant's products are associated with, sponsored by, originated from, or are approved by simplehuman, when they are not, resulting in a loss of reputation in, and mischaracterization of, simplehuman's

products and its brand.

68.    Defendant's activities constitute willful and intentional infringement of simplehuman's trade dress rights in total disregard of simplehuman's proprietary rights and were done despite Defendant's knowledge that use of the Bullet Trade Dress was and is in direct contravention of simplehuman's rights.

69.    simplehuman is informed and believes, and based thereon alleges, that Defendant has derived and received, and will continue to derive and receive, gains, profits, and advantages from Defendant's trade dress infringement in an amount that is not presently known to simplehuman.   By reason of Defendant's actions, constituting trade dress infringement, simplehuman has been damaged and is entitled to monetary relief in an amount to be determined at trial.

70.    Pursuant to 15 U.S.C. § 1117, simplehuman is entitled to recover (1) Defendant's profits, (2) any damages sustained by simplehuman, and (3) the costs of the action.  In assessing damages, the Court may enter judgment up to three times actual damages, and in awarding profits, the Court may in its discretion enter judgment for such a sum as the court shall find to be just according to the circumstances of the case.  The Court may also award simplehuman its reasonable attorneys' fees for the necessity of bringing this claim.

71.    Due to Defendant's actions, constituting trade dress infringement, simplehuman has suffered great and irreparable injury, for which simplehuman has no adequate remedy at law.

72.    Defendant will continue to infringe simplehuman's trade dress rights to the great and irreparable injury of simplehuman, unless and until Defendant is enjoined by this Court.

## VII.  THIRD CLAIM FOR RELIEF

### (Trademark Infringement under 15 U.S.C. § 1114)

73.    simplehuman repeats and re-alleges the allegations of paragraphs 1-72 of this Complaint as if set forth fully herein.

74.     This is a claim for trademark infringement under 15 U.S.C. § 1114.

75.     simplehuman owns a valid and enforceable federally registered trademark for the SIMPLEHUMAN® Mark, specifically the '479 Registration.

76.     Defendant has used in commerce, without permission from simplehuman, a confusingly similar mark to the SIMPLEHUMAN® Mark, which is the subject of the '479 Registration, in connection with the advertising, marketing, promotion, sale, and/or offer for sale of Defendant's products.  Such use is likely to cause confusion or mistake, or to deceive.

77.     simplehuman is informed and believes, and based thereon alleges that Defendant acted with the intent to trade upon simplehuman's reputation and goodwill by causing confusion and mistake among customers and the public and to deceive the public into believing that Defendant's products are associated with, sponsored by, originate from, or are approved by, simplehuman, when they are not.

78.     Defendant's activities complained of herein constitute willful and intentional infringement of simplehuman's incontestable registered trademark.

79.     simplehuman is informed and believes, and based thereon alleges that Defendant had actual knowledge of simplehuman's ownership and prior use of the SIMPLEHUMAN® Mark, and that Defendant has willfully infringed simplehuman's trademark rights under 15 U.S.C. § 1114.

80.     Defendant, by his actions, has damaged simplehuman in an amount to be determined at trial.

81.     Defendant, by his actions, has irreparably injured simplehuman.  Such irreparable injury will continue unless Defendant is preliminarily and permanently enjoined by this Court from further violating simplehuman's rights, for which simplehuman has no adequate remedy at law.

## VIII.  FOURTH CLAIM FOR RELIEF

(False Designation of Origin & Federal Unfair Competition)

(15 U.S.C. § 1125(a))

82.    simplehuman repeats and re-alleges the allegations of paragraphs 1-81 of this Complaint as if set forth fully herein.

83.    This is a claim for unfair competition and false designation of origin under 15 U.S.C. § 1125(a) based on Defendant's infringement of the Bullet Trade Dress and the SIMPLEHUMAN® Mark and Defendant's attempts to mislead consumers into believing there is an association between simplehuman and Defendant by using marks that are confusingly similar to simplehuman's trademarks and by selling copies of simplehuman's products.

84.    Defendant's acts complained of herein constitute false designation of origin, false or misleading description of fact, or false or misleading representation of fact, which is likely to cause confusion, or to cause mistake, or to deceive as to the affiliation, connection, or association of such person with another person, or as to the origin, sponsorship, or approval of its goods or commercial activities by another person in violation of 15 U.S.C. § 1125(a).

85.    Defendant's acts complained of herein constitute false designation of origin, false or misleading description of fact, or false or misleading representation of fact, which misrepresents the nature, characteristics, qualities, or geographic origin of his goods or commercial activities in violation of 15 U.S.C. § 1125(a).

86.    Defendant has falsely designated the origin of his products as originating from simplehuman and competed unfairly with simplehuman.

87.    simplehuman is informed and believes that Defendant's acts of false designation of origin, passing off, and unfair competition have been willful and without regard to simplehuman's rights.

88.    simplehuman has been damaged by Defendant's conduct in an amount to be determined at trial.

89.    Such conduct by Defendant is likely to confuse, mislead, and deceive Defendant's customers, purchasers, and members of the public as to the origin of Defendant's products or cause said persons to believe that Defendant and/or his

products have been sponsored, approved, authorized, or licensed by simplehuman or are in some way affiliated or connected with simplehuman, all in violation of 15 U.S.C. § 1125(a), and this constitutes unfair competition with simplehuman.

90.     simplehuman is informed and believes and, based thereon, alleges that Defendant's actions were undertaken willfully with full knowledge of the falsity of such designation of origin, passing off, and false descriptions or representations.

91.     simplehuman is informed and believes and, based thereon, alleges that Defendant has derived and received, and will continue to derive and receive, gains, profits, and advantages from Defendant's false designation of origin, false or misleading statements, descriptions of fact, false or misleading representations of fact, passing off, and unfair competition in an amount that is not presently known to simplehuman.  By reason of Defendant's actions, constituting false designation of origin, false or misleading statements, false or misleading descriptions of fact, false or misleading representations of fact, passing off, and unfair competition, simplehuman has been damaged and is entitled to monetary relief in an amount to be determined at trial.

92.     Pursuant to 15 U.S.C. § 1117, simplehuman is entitled to recover (1) Defendant's profits, (2) any damages sustained by simplehuman, and (3) the costs of the action.  In assessing damages, the Court may enter judgment up to three times actual damages, and in awarding profits, the Court may in its discretion enter judgment for such sum as the court shall find to be just, according to the circumstances of the case.  The Court may also award simplehuman its reasonable attorneys' fees for the necessity of bringing this claim.

93.     Due to Defendant's actions, constituting false designation of origin, false or misleading statements, false or misleading description of fact, false or misleading representations of fact, passing off, and unfair competition, simplehuman has suffered and continues to suffer great and irreparable injury, for which simplehuman has no adequate remedy at law.

94.     Defendant will continue his false designation of origin, false or misleading statements, false or misleading description of fact, false or misleading representations of fact, passing off, and unfair competition, unless and until Defendant is enjoined by this Court.

## IX.  FIFTH CLAIM FOR RELIEF

(Unfair Competition under California Business &

Professions Code §§ 17200 *et seq*.)

95.     simplehuman hereby repeats, realleges, and incorporates by reference paragraphs 1-49 and 62-94 of this Complaint as though fully set forth herein.

96.     This is an action for unfair competition under California Business & Professions Code §§ 17200, *et seq.*

97.     By virtue of the acts complained of herein, Defendant has intentionally caused a likelihood of confusion among consumers and the public and has unfairly competed with simplehuman in violation of Cal. Bus. & Prof. Code §§ 17200, *et seq*.

98.     Defendant's acts complained of herein constitute trade dress infringement, trademark infringement, unfair competition, and unlawful, unfair, or malicious business practices, which have injured and damaged simplehuman.

99.     Defendant, by his actions, has irreparably injured simplehuman.  Such irreparable injury will continue unless Defendant is preliminarily and permanently enjoined by this Court from further violating simplehuman's rights, for which simplehuman has no adequate remedy at law.

## X.  SIXTH CLAIM FOR RELIEF

(California Common Law Unfair Competition)

100.   simplehuman hereby repeats, realleges, and incorporates by reference paragraphs 1-49 and 62-94 of this Complaint as though fully set forth herein.

101.   This is an action for unfair competition under the common law of the State of California.

102. Defendant's acts complained of herein constitute trade dress infringement, trademark infringement and unfair competition under the common law of the State of California.

103. By virtue of the acts complained of herein, Defendant has willfully and intentionally caused a likelihood of confusion among the purchasing public in this Judicial District and elsewhere, thereby unfairly competing with simplehuman in violation of the common law of the State of California.

104. Defendant's aforementioned acts have damaged simplehuman in an amount to be determined at trial.

105. Defendant has irreparably injured simplehuman. Such irreparable injury will continue unless Defendant is preliminarily and permanently enjoined by this Court from further violating simplehuman's rights, for which simplehuman has no adequate remedy at law.

106. Defendant's willful acts of unfair competition under California common law constitute fraud, oppression and malice. Accordingly, simplehuman is entitled to exemplary damages pursuant to Cal. Civ. Code Section § 3294(a).

## XI.  SEVENTH CLAIM FOR RELIEF

### (Petition for Cancellation of U.S. Trademark Registration No. 5,969,114)

107. simplehuman hereby repeats, realleges, and incorporates by reference paragraphs 1-49 and 62-94 of this Complaint as though fully set forth herein.

108. This is a claim for cancellation of Defendant's U.S. Trademark Registration No. 5,969,114 under 15 U.S.C. § 1119.

109. Long before the first use, filing and registration dates of Defendant's U.S. Trademark Registration No. 5,969,114, simplehuman has continuously used its SIMPLEHUMAN® Mark in connection with its products, including trash cans. By virtue of simplehuman's continuous and substantial use of its SIMPLEHUMAN® Mark, the SIMPLEHUMAN® Mark has become a strong identifier of simplehuman and its products, and distinguishes simplehuman's products from those of others.

simplehuman has built up significant and valuable goodwill and fame in its SIMPLEHUMAN® Mark.  simplehuman also relies on its U.S. Trademark registrations for its SIMPLEHUMAN® Mark including U.S. Trademark Registration No. 2,882,479.

110.  simplehuman will be damaged by continued registration of Defendant's U.S. Registration No. 5,969,114 because the LIVESIMPLE Mark is confusingly similar to the simplehuman's SIMPLEHUMAN® Mark.  Potential purchasers, upon seeing Defendant's mark shown in the registration, are likely to mistakenly believe that such mark and goods identified in the registration originate with or are connected or associated with, or sponsored, licensed or approved by simplehuman.  Thus, the registration and use of the mark shown in U.S. Registration No. 5,969,114  in connection with the goods identified therein are likely to cause confusion, or to cause mistake or to deceive within the meaning of Section 2(d) of the Trademark Act, 15 U.S.C. § 1052(d).

111.  In view of simplehuman's prior rights in the SIMPLEHUMAN® Mark, Defendant is not entitled to federal registration of the mark shown in U.S. Registration No. 5,969,114  and this registration should be cancelled.

## **PRAYER FOR RELIEF**

**WHEREFORE,** simplehuman prays for judgment against Defendant as follows:

A.    That the Court enter judgment in favor of simplehuman and against Defendant on all claims for relief alleged herein;

B.    An Order adjudging Defendant to have infringed each of the D807 Patent, the D485 Patent, and the '316 Patent  under 35 U.S.C. § 271;

C.    A preliminary and permanent injunction enjoining Defendant, his officers, directors, agents, servants, employees, and attorneys, and those persons in active concert or participation with Defendant, from (1) making, using, selling, offering to sell, and/or importing Defendant's products that Plaintiff identifies herein

as infringing simplehuman's patent rights, and (2) infringing any of the D807 Patent, the D485 Patent, or the '316 Patent in violation of 35 U.S.C. § 271;

D.     An Order that Defendant pay to simplehuman actual damages in the form of lost profits, or in the alternative, other damages adequate to compensate for the infringement, but in no event less than a reasonable royalty for the use made of the D807 Patent, the D485 Patent, and the '316 Patent by Defendant, in accordance with 35 U.S.C. § 284 and/or, at simplehuman's election, Defendant's total profits as a result of Defendant's infringement of simplehuman's patents, pursuant to 35 U.S.C. § 289;

E.     An Order adjudging that this case is exceptional under 35 U.S.C. § 285 and ordering Defendant to pay to simplehuman its reasonable attorney fees incurred in this action;

F.     That the Court render a final judgment that Defendant has violated the provisions of 15 U.S.C. § 1125(a) by willfully infringing simplehuman's Bullet Trade Dress, unfairly competing with simplehuman, and falsely designating the origin of his products complained of herein;

G.     That the Court render a final judgment that Defendant has violated California Business & Professions Code §§ 17200, *et seq.* and California common law by willfully committing trade dress infringement, and unfairly competing with simplehuman;

H.     That Defendant, his agents, servants, employees, successors, assigns and attorneys and any related companies, and all persons in active concert or participation with one or more of them, be preliminarily and permanently enjoined and restrained from:

    i.     manufacturing, importing, promoting, displaying, distributing, offering to sell, and/or selling Defendant's products shown above as infringing the Bullet Trade Dress, or any products that are not colorably different therefrom;

     ii.     using the Bullet Trade Dress, or any other trade dress that is confusingly similar to such trade dress;

     iii.     using the SIMPLEHUMAN® Mark or any other mark that is confusingly similar to the SIMPLEHUMAN® Mark, including without limitation the LIVESIMPLE mark;

     iv.     falsely designating the origin of Defendant's products;

     v.     passing off his goods as those of simplehuman;

     vi.     unfairly competing with simplehuman in any manner whatsoever;

     vii.     causing a likelihood of confusion or injuries to simplehuman's business reputation; and

     viii.     manufacturing, importing, promoting, displaying, distributing, offering to sell, and/or selling any products that infringe the Bullet Trade Dress.

I.     That Defendant be directed to file with this Court and serve on simplehuman within thirty (30) days after the service of the injunction, a report, in writing, under oath, setting forth in detail the manner and form in which it has complied with the injunction pursuant to 15 U.S.C. § 1116;

J.     That Defendant be required to account to simplehuman for any and all profits derived by Defendant by virtue of Defendant's acts complained of herein;

K.     That simplehuman be awarded its actual damages caused by Defendant's acts complained of herein;

L.     That Defendant's actions be deemed willful;

M.     That an accounting be ordered to determine Defendant's profits resulting from his trade dress infringement, trademark infringement, false designation of origin, passing off, and unfair competition, and that simplehuman be awarded monetary relief in an amount to be fixed by the Court in its discretion as it finds just as an equitable remedy and as a remedy under 15 U.S.C. § 1117, including:

1. all profits received by Defendant from sales and revenues of any kind made as a result of his infringing actions;

2. all damages sustained by simplehuman as a result of Defendant's acts of trade dress infringement, trademark infringement, false designation of origin, passing off, and unfair competition; and,

3. the costs of this action;

N. That this case be deemed exceptional and the amount of profits and damages be increased by as many times as the Court deems appropriate, pursuant to 15 U.S.C. § 1117;

O. That the Court award simplehuman its reasonable costs, expenses, and attorneys' fees pursuant to at least 15 U.S.C. § 1117;

P. That Defendant be required to deliver and destroy all goods, advertising, and other unauthorized materials bearing trade dress that are essentially identical to, colorable imitations of, or confusingly similar to simplehuman's Bullet Trade Dress, pursuant to 15 U.S.C. § 1118;

Q. That simplehuman be awarded exemplary or punitive damages pursuant to Cal. Civ. Code § 3294;

R. That the Court direct the United States Patent and Trademark Office to cancel U.S. Trademark Registration No. 5,969,114;

S. That simplehuman be awarded restitution and disgorgement;

T. An Order awarding pre-judgment and post-judgement interest and costs as fixed by the Court; and

U. Such other and further relief as this Court may deem just and proper.

Respectfully submitted,

KNOBBE, MARTENS, OLSON & BEAR, LLP

Dated: <u>January 31, 2020</u>      By:  <u>*/s/ Ali S. Razai*</u>
                                              Paul A. Stewart
                                              Ali S. Razai
                                              Nicole R. Townes
                                              Brandon F. Smith

                                       Attorneys for Plaintiff
                                       simplehuman, LLC

## **DEMAND FOR TRIAL BY JURY**

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff simplehuman, LLC hereby demands a trial by jury on all issues so triable.

Respectfully submitted,

KNOBBE, MARTENS, OLSON & BEAR, LLP

Dated: <u>January 31, 2020</u>      By: <u>*/s/ Ali S. Razai*</u>

Paul A. Stewart
Ali S. Razai
Nicole R. Townes
Brandon F. Smith

Attorneys for Plaintiff
simplehuman, LLC

## **CERTIFICATE OF SERVICE**

I hereby certify that on January 31, 2020, I caused the **FIRST AMENDED COMPLAINT FOR PATENT INFRINGEMENT; DEMAND FOR JURY TRIAL, and EXHIBITS 1-6** to be electronically filed with the Clerk of the Court using the CM/ECF system which will send electronic notification of such filing to all attorneys of record.

I certify and declare under penalty of perjury that I am employed in the office of a member of the bar of this Court at whose direction the service was made, and that the foregoing is true and correct.

Executed on January 31, 2020, at Irvine, California.


/s/ Karina Villanueva
Karina Villanueva

32132337